**You Shu HE, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

**No. 04–3397–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 13, 2006.

Gang Zhou, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney, Peter W. Gaeta, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner You Shu He ("He") petitions for review of an order of the BIA affirming the decision of an immigration judge ("IJ") ordering his deportation to China and denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision, this Court reviews the decision of the IJ directly. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). Questions of law and application of law to fact are reviewed *de novo*. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). This Court reviews the IJ's findings of fact and credibility under the substantial evidence standard, overturning them only if any reasonable adjudicator

would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

The IJ found that the petitioner was not credible based on numerous significant inconsistencies between his testimony and several statements that he had previously submitted. For example, he testified that his marriage occurred in 1987, but in a prior statement he said it occurred in 1989. [JA72] He produced a household registration document issued in 1998, listing him as the head of household, but he claimed he left China in 1993. [JA 72] He testified that his third child was born at his home, but in a prior statement he said the third child was born at his mother-in-law's home. [JA 74] He testified that his wife was involuntarily sterilized two years after the birth of the third child, but in a prior statement he said this occurred shortly after the birth of the child. [JA80] The IJ noted inconsistencies between the petitioner's testimony and his written statement in support of his 1993 asylum application, his 1998 asylum hearing testimony, and an affidavit submitted after the BIA remanded the initial denial of asylum eligibility. Although the IJ might have given undue weight to a State Department report indicating that Chinese authorities do not condone involuntary sterilizations, we are confident that even if this observation were put aside, the IJ's denial of asylum eligibility, based on the numerous inconsistencies in the petitioner's testimony and statement, would not be altered. *See Cao He Lin v. U.S. DOJ*, 428 F.3d 391, 395, 401–02 (2d Cir.2005).

For these reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).